**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN PATTERSON, ) | No. C 07-1182 MMC (PR) |
| Petitioner, ) | **ORDER GRANTING MOTION TO DISMISS; DENYING MOTION TO STAY PETITION** |
| v. ) | |
| SCRIBNER, Warden, ) | |
| Respondent. ) | **(Docket Nos. 13 & 14)** |
| _____ ) | |

On February 26, 2007, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 26, 2006, after reviewing the petition, the Court ordered respondent to file an answer showing cause why the petition should not be granted, or in the alternative, a motion to dismiss on procedural grounds. Respondent chose the latter course, and filed a motion to dismiss the petition for failure to exhaust. See 28 U.S.C. § 2254(b)-©. In response, petitioner filed a motion asking the Court to stay the instant petition while he exhausted his unexhausted claims in state court. For the reasons stated below, the Court will grant respondent's motion to dismiss and deny the motion to stay the petition.

## BACKGROUND

In 2003, in the Superior Court of Alameda County ("Superior Court"), petitioner was convicted of first degree murder and robbery, and an enhancement for the use of a firearm was found true. He was sentenced to a term of life in state prison without the possibility of parole. The California Court of Appeal affirmed, and the California Supreme Court denied

the petition for review.

Petitioner subsequently filed a petition for a writ of habeas corpus in the Superior Court, which petition was denied on January 12, 2007. He did not seek collateral review in the California Court of Appeal or the California Supreme Court.

Petitioner filed the instant petition on February 26, 2007. After reviewing the petition, the Court found petitioner stated seven cognizable claims for relief; specifically, four claims of ineffective assistance of trial counsel, a claim of wrongful denial of the right to self-representation, a claim of prosecutorial misconduct based on the wrongful exclusion of jurors, and a claim of ineffective assistance of appellate counsel. The Court dismissed as not cognizable petitioner's claim that the trial court wrongly denied his motion to suppress evidence in violation of the Fourth Amendment.

On September 28, 2007, respondent filed a motion to dismiss the petition as unexhausted. On October 25, 2007, petitioner filed a motion to stay the petition while he returned to state court to exhaust his unexhausted claims.

**DISCUSSION**

Respondent moves to dismiss the petition on the ground it is unexhausted because petitioner did not raise any of the seven cognizable claims in the instant petition in the California Supreme Court in either his petition for review or in a collateral state habeas petition. In his motion for a stay,[1] petitioner concedes that all but one of his claims are unexhausted; he maintains, however, that his claim of wrongful denial of the right to self-representation is exhausted because it was presented to the California Court of Appeal on direct appeal. Additionally, petitioner argues that because his petition contains both exhausted and unexhausted claims, the Court may stay the petition while he returns to state court to exhaust the unexhausted claims.

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state

---

[1]Petitioner did not file an opposition to the motion to dismiss.

2

judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b)-(c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982). The state's highest court must be given an opportunity to rule on the claims even if review is discretionary. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (holding petitioner must invoke "one complete round of the State's established appellate review process."). A federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have not been exhausted. See Rhines v. Webber, 544 U.S. 269, 273 (2005).

Here, there is no dispute that petitioner raised his claim of wrongful denial of the right to self-representation to the California Court of Appeal on direct appeal; there also is no dispute, however, that petitioner did not raise said claim in his petition for review to the California Supreme Court. Specifically, petitioner does not assert in the instant petition or in his motion for a stay that the claim was presented to the California Supreme Court in his petition for review; further, the copy of the petition for review that is attached to respondent's motion to dismiss shows that the only claims raised in the petition for review were that the trial court wrongly denied petitioner's motion to suppress and wrongly found petitioner had not invoked his privilege against self-incrimination. (Mot. Dismiss Ex. B.) Neither of the two claims presented on direct review to the California Supreme Court is at issue in the instant petition. Accordingly, as none of the claims raised by petitioner herein was presented to the California Supreme Court for review as of the time the instant petition was filed, respondent's motion to dismiss the petition as unexhausted will be granted.

As noted, petitioner, in response to the motion to dismiss, filed a motion to stay the petition while he returned to state court to exhaust his unexhausted claims.[2] The United States Supreme Court has held that district courts may stay habeas petitions containing both

---

[2] Petitioner did not serve his motion for a stay on respondent; consequently, respondent has not responded to the arguments made by petitioner in said motion. Because it is clear that the motion must be denied, however, the Court has addressed the motion without requiring further briefing thereon.

3

exhausted and unexhausted claims to allow the petitioner to exhaust his unexhausted claims in state court. Rhines, 544 U.S. at 277-78. A district court does not have discretion to stay a petition containing only unexhausted claims, however. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006). Here, the petition contains only unexhausted claims; accordingly, the motion for a stay will be denied.

On April 23, 2008, petitioner notified the Court that he has exhausted his state remedies with respect to the claims he wishes to raise in his federal habeas petition; petitioner states he is unable to present the claims in federal court at this time, however, as the papers he needs in order to prepare his federal petition are still with the California Supreme Court. Petitioner therefore asks this Court for a thirty-day extension of time in which to file an amended petition containing his exhausted claims. Petitioner's request will be denied; as the instant petition is being dismissed without prejudice, petitioner may file a new habeas petition containing only exhausted claims when he is able to do so. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (holding dismissal solely for failure to exhaust does not bar return to federal court after exhausting available state remedies).

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. Respondent's motion to dismiss is hereby GRANTED, and the petition is DISMISSED without prejudice to petitioner's filing a new petition. (Docket No. 13.)

2. Petitioner's motion for a stay is hereby DENIED. (Docket No. 14.)

This order terminates Docket Nos. 13 and 14.

The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: May 15, 2008

_____
MAXINE M. CHESNEY
United States District Judge