United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN PATTERSON, ) | No. C 07-1182 MMC (PR) |
| Petitioner, ) | **ORDER DENYING MOTION TO STAY PETITION** |
| v. ) | |
| SCRIBNER, Warden, ) | **(Docket No. 19)** |
| Respondent. ) | |
| _____ ) | |

On February 26, 2007, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On September 28, 2007, respondent moved to dismiss the petition on the ground of nonexhaustion of state remedies.  In opposition, petitioner conceded that all but one of the claims were unexhausted; consequently, he moved the Court to stay the petition while he returned to state court to exhaust the unexhausted claims.  By order filed May 15, 2008, the Court granted respondent's motion to dismiss.  Specifically, the Court found that none of the claims raised by petitioner in the instant petition was exhausted because no claim had been presented to the California Supreme Court for review as of the time the petition was filed.  Further, because a district court does not have discretion to stay a petition containing only unexhausted claims, see Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006), the Court denied petitioner's motion for a stay.

Additionally, the Court denied petitioner's request for a extension of time to file an amended petition containing only exhausted claims, which request was based on petitioner's

**United States District Court**
For the Northern District of California

1  representation that subsequent to the filing of his petition, he had exhausted his state
2  remedies but was unable to file an amended petition until his legal papers were returned to
3  him from the California Supreme Court.  In so ruling, the Court explained that because
4  dismissal of the instant petition was without prejudice, petitioner could file a new habeas
5  petition, containing only exhausted claims, at such time as he had his legal papers and was
6  able to do so.  See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (holding
7  dismissal solely for failure to exhaust does not bar return to federal court after available state
8  remedies exhausted).

9  On June 18, 2008, more than a month after the Court's order of dismissal, petitioner
10 filed the instant "Motion for Stay and Abeyance and Time Exten[s]ion."  In said motion,
11 petitioner requests a thirty-day extension of time to return to the California Supreme Court to
12 exhaust a newly-discovered claim.  Petitioner's motion is hereby DENIED as moot.  As
13 noted, the above-titled action has been dismissed without prejudice to petitioner's filing, at
14 such time as he is able to do so, a new habeas petition containing only exhausted claims.

15 In light of such dismissal, petitioner should not continue to file motions in the above-
16 titled action, and any new habeas petition must be filed as a new and separate action.

17 This order terminates Docket No. 19.

18 IT IS SO ORDERED.

19 DATED: October 21, 2008

20 _____
MAXINE M. CHESNEY
United States District Judge